**No. 50303.**—Protests 87733–K, etc., of Dayton Co. (Minneapolis).

Opinion by TILSON, J.   At the trial four samples were admitted in evidence and three witnesses testified, two on behalf of the plaintiff, and one on behalf of the Government.   Counsel for the defendant appeared to have abandoned the classification of the collector as "in part of edgings" and attempted to establish a classification as "in part of flouncings."   The testimony of the defendant's witness was to the effect that on each end of the scarves for a distance of from 14 to 16 inches the pattern of the knitting and the color of the threads used had been changed from the pattern and color of the threads appearing in the body of the scarves.   The court held that this change in the knitting pattern and the color of threads used was not considered sufficient to constitute the imported scarves as being in part of flouncings.   Upon the record presented it was held that the merchandise in question was properly dutiable at only 50 cents per pound plus 30 percent ad valorem under paragraph 1114 (d), as modified by T. D. 49753. The protests were sustained to this extent.

**No. 50304.**—Protests 798073–G, etc., of Bingham & Co., Inc., et al. (New York).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50305.**—Protests 893327–G, etc., of Akawo & Co., Ltd. (Baltimore).

Opinion by KINCHELOE, J.   In accordance with stipulation of counsel that the merchandise is similar in all material respects to that passed upon in *Nippon Import & Trading Co.* v. *United States* (14 Cust. Ct. 35, C. D. 908), the claim at 35 percent under paragraph 921 was sustained.